**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SAM'L BINGHAM'S SON MFG. COM-PANY, Respondent.**

No. 12606.

United States Court of Appeals Sixth Circuit.

Dec. 20, 1955.

Theophil C. Kammholz, Chicago, Ill., David P. Findling, Marcel Mallet-Prevost, Frederick U. Reel and Margaret M. Farmer, Washington, D. C., for petitioner.

Epstein, Edes & Rosen, Chicago, Ill., for respondent.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

This cause comes to us on petition by the National Labor Relations Board for enforcement of its order directing that the respondent, Sam'l Bingham's Son Mfg. Company, cease and desist from refusing to bargain with Local 388 of the International Molders & Foundry Workers Union, A. F. of L., as the certified exclusive representative of its employees in a specified unit at Kalamazoo, Michigan; and directing, also, that respondent, upon request, bargain collectively with that union as certified exclusive bargaining agent of its employees in the specified union, and that respondent post notices and notify the regional director of the steps taken by it to comply with the order.

The National Labor Relations Board, as petitioner, filed a printed brief; but the respondent company, though duly notified of the date of hearing this appeal, neither appeared to present oral argument, nor filed a written brief.

Briefly stated, the facts of record are: Among several plants, respondent maintains one at Kalamazoo, Michigan. On May 7, 1953, the labor board certified the union as exclusive bargaining representative of respondent's four employees at Kalamazoo, following an election conducted among the employees by the board, in which the union prevailed by a three to one vote. Thereafter, respondent bargained with the union as representative of the employees until July 14, 1953. Later in July and again by letter of August 3, 1953, respondent informed the union that there was a question concerning the validity of the certification, due to the resignation of all but two of the employees. The union filed charges in the present case on August 10, 1953, following receipt of the letter.

On August 18, 1953, the union made a final attempt to bargain with respondent. By that date, four additional employees had been hired by respondent. Respondent refused to bargain with the union, urging (a) that there was a question of the union's majority status, due to excessive turnover of personnel and possible dissatisfaction with the union on the part of the employees; and (b) that since the union had filed unfair labor practice charges, the validity of the board's certification of the union would be litigated in the board proceedings.

It appears from Brooks v. N. L. R. B., 348 U.S. 96, 75 S.Ct. 176, 42 A.L.R.2d 1405, that the Supreme Court has stamped with approval the position of the National Labor Relations Board that, in the absence of unusual circumstances, the certification by the board of a bargaining agent is binding for a reasonable time—ordinarily for at least one year. There is no evidence of record to show the attitude of the employees here regarding union representation, while in the Brooks case the record did show that the employees had actually repudiated the union. Moreover, in the present controversy, it was only some three months after the certification by the board of the union as bargaining agent of its employees that the respondent repudiated such representation.

The petition of the National Labor Relations Board for enforcement of its order is granted.