NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

RELIANCE CLAY PRODUCTS COM-
PANY, Respondent.

No. 16449.

United States Court of Appeals
Fifth Circuit.

June 10, 1957.

Samuel M. Singer, Atty., N. L. R. B.,
Stephen Leonard, Associate Gen. Coun-
sel, N. L. R. B., Washington, D. C., Jer-
ome D. Fenton, Gen. Counsel, Marcel
Mallet-Prevost, Asst. Gen. Counsel,
Washington, D. C., for petitioner.

James R. Rodgers, Turner, Rodgers,
Winn, Scurlock & Terry, Dallas, Tex.,
for respondent.

Before BORAH, RIVES and BROWN,
Circuit Judges.

PER CURIAM.

In this petition for enforcement of the
Board's order, 115 N.L.R.B. 1736, find-
ing the Employer in violation of Section
8(a) (1) and 8(a) (5), 29 U.S.C.A. §
158(a) (1), (5), the issue here is narrow.
The Union was certified as the exclu-
sive bargaining representative July 5,
1955. The Union, for added pressure in
lagging negotiations, on September 7,
1955, commenced what Examiner and
Board found to have been an economic
strike. The Employer began, as it right-
fully could, to employ replacements. But
on October 15, 1955, it rejected the Un-
ion's formal demand to resume bargain-
ing on the ground that the Union no
longer represented a majority of its em-
ployees. Replacement of all or a part of
the strikers with no proof that such em-
ployees no longer desired the Union to
represent them did not, within the
twelve months following certification,
Section 9(a), 9(c) (3), 29 U.S.C.A. §
159(a), 159(c) (3); Brooks v. N. L. R.
B., 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed.
125; N. L. R. B. v. Sam'l Bingham's
Son Mfg. Co., 6 Cir., 227 F.2d 751;
Parks v. Atlanta Printing Pressmen &
Assistant's Union #8, 5 Cir., 243 F.2d
284, terminate the Union's authority or
the obligation of the Employer to bargain
with it as the exclusive representative.
Consequently, the Board held, and the
Employer accepts the finding, that this
converted it from an economic to an un-
fair labor practice strike. N. L. R. B.
v. Crosby Chemicals Inc., 5 Cir., 188 F.2d
91, 95. The Employer concedes as well
that consequently all persons hired on
and after October 15, 1955, are subject
to displacement by those strikers who
request reinstatement. N. L. R. B. v.
Pecheur Lozenge Co., 2 Cir., 209 F.2d
393, certiorari denied 347 U.S. 953, 74
S.Ct. 678, 98 L.Ed. 1099; Mastro Plas-
tics Corp. v. N. L. R. B., 350 U.S. 270,
278, 76 S.Ct. 349, 100 L.Ed. 309. The
Employer's only substantial complaint
is then reduced to the contention that in
the proceedings beginning with the hear-
ings December 12, 1955, followed by the
Examiner's Report of February 29, 1956,
and ending in the Board's order of June
27, 1956, requiring reinstatement, the
Board could not lawfully find the viola-

tions and order reinstatement of the strikers generally, but had to pass upon the rights of each striker in that proceeding. The questions incident to reinstatement, such as whether, as claimed by the Employer, all employees had been permanently replaced before October 15, 1955, may be, and frequently are, handled in subsequent administrative proceedings by and through the Board or in direct proceedings, where sought, for contempt. In such proceedings, the Employer's rights are fully preserved. N. L. R. B. v. Rutter-Rex Mfg. Co., 5 Cir., 245 F.2d 594.

Order enforced.